**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD HARVEY,

          Plaintiff - Appellant,

  v.

COUNTY OF NAVAJO; et al.,

          Defendants - Appellees.

No. 12-16883

D.C. No. 3:10-cv-08025-JWS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.**

    **1.** The district court properly denied Edward Harvey's motion for judgment

as a matter of law as to his claim for unlawful detention. Harvey argues that

Deputy Adams had no reason to detain him after making what Harvey now

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

concedes to be a lawful stop for possession of a concealed weapon without a permit.  But Arizona Revised Statutes § 13-3903A granted Deputy Adams broad discretion to book or release Harvey.  The jury was asked to decide whether Deputy Adams' exercise of that discretion was reasonable, and found that it was.  Our review is limited to determining whether substantial evidence supports the jury's finding.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).  A reasonable jury could have concluded that awareness of past threats, regardless of their vintage, was enough for Deputy Adams to book Harvey.  And because Harvey makes no allegation that he was not promptly presented to a neutral magistrate or that he was unlawfully denied his right to bail, any delay in releasing him after he was booked is attributable to the decisions of state judicial officers rather than to any decision of Deputy Adams.

For the reasons stated above, the district court likewise did not abuse its discretion in denying Harvey's motion for a new trial with respect to the unlawful detention claim.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728–29 (9th Cir. 2007).

**2.** The district court also properly denied Harvey's motion for judgment as a matter of law or a new trial as to his unlawful seizure claim.  Harvey contends that the killing of his dogs violated his Fourth Amendment right against unreasonable

seizure.  Once again, however, the reasonableness of the officers' conduct was squarely put to the jury.  On the disturbing facts of this record, a reasonable jury could well have found for Harvey, but the jury in this case did not see things that way.  As with Harvey's unlawful detention claim, the jury's verdict with respect to the unlawful seizure claim rests on substantial evidence.  A reasonable jury could have believed, among other things, that attempting to capture the dogs for transport would have been dangerous, as Animal Control officers explained; that the shelters could not have accommodated so many dogs, as shelter employees testified; and that killing the dogs with rifles was the only humane solution, as a respected veterinarian concluded.

**3.**  Finally, Harvey contests the constitutionality of the warrantless search of his home on May 8, 2009.  We do not reach the merits of this claim, as it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, a plaintiff may not recover damages for any "harm caused by actions whose unlawfulness would render a conviction or sentence invalid."  *Id.* at 486–87.  This court has held that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."  *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S.

384, 393–94 (2007). Because Harvey's conviction for child abuse, which Harvey does not allege has been overturned, was based in part on evidence gathered during the May 8, 2009, warrantless search, Harvey cannot now maintain a § 1983 action challenging the lawfulness of that search. Doing so would raise "the potential for inconsistent determinations" that *Heck* sought to avoid. *Harvey*, 210 F.3d at 1015.

**AFFIRMED.**